NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO.  A-3635-14T2


ROBERT A. VERRY,

    Respondent,

v.

FRANKLIN FIRE DISTRICT NO. 1,

    Appellant,

and

MILLSTONE VALLEY FIRE DEPARTMENT,

    Respondent.
_____

        Argued January 4, 2016 – Decided March 15, 2016

        Before Judges Sabatino, Accurso and
        O'Connor.

        On appeal from the Government Records
        Council.

        Dominic P. DiYanni argued the cause for
        appellant (Eric M. Bernstein & Associates,
        LLC, attorneys; Mr. DiYanni, of counsel and
        on the brief).

        Walter M. Luers argued the cause for
        respondent Robert A. Verry.

        Debra A. Allen, Deputy Attorney General,
        argued the cause for respondent Government
        Records Council (John J. Hoffman, Acting
        Attorney General, attorney; Melissa Dutton

Schaffer, Assistant Attorney General, of counsel; Ms. Allen, on the brief).

Lamb Kretzer, LLC, attorneys for respondent Millstone Valley Fire Department (Aldo J. Russo, on the brief).

PER CURIAM

This matter comes before us on leave granted to review an interim order of the Government Records Council (GRC) finding that Millstone Valley Fire Department is an "instrumentality" of the Franklin Fire District No.1 and thus a "public agency" subject to the Open Public Records Act (OPRA), N.J.S.A. 47:1A-1 to -13.  Because we agree with the GRC that the Fire Department is a public agency under the analysis in Paff v. N.J. State Firemen's Ass'n, 431 N.J. Super. 278 (App. Div. 2013), we affirm.

The essential facts are undisputed.  In February 2013, plaintiff Robert A. Verry made a public records request of the Franklin Fire District seeking the constitution and by-laws for the Millstone Valley Fire Department in effect from 2007 to 2013.  After the Fire District denied Verry's request on the grounds it did not maintain such records for its member departments or fire companies and that the documents were not government records in any event, Verry filed a complaint with the GRC.

The GRC accepted the submissions of Verry and the Fire District and determined that the Fire Department is a public agency for purposes of OPRA. The GRC began its analysis by establishing a point neither party disputes: the Fire District is a public agency for purposes of OPRA. See N.J.S.A. 40A:14-70 (establishing the procedure for creation and designation of fire districts). Although acknowledging the Fire Department was privately created as a volunteer organization by its members, the GRC found that when the Department applied and was accepted into membership by the Fire District pursuant to N.J.S.A. 40A:14-70.1, it became an instrumentality of the District, serving a governmental function under the District's supervision and control. Because the relationship between the Fire District and the Fire Department "owes its existence to state law," Firemen's Ass'n, supra, 431 N.J. Super. at 290, the GRC concluded the Fire Department was a public agency subject to OPRA.

The GRC accordingly issued an interim order to that effect and directed the District's records custodian to obtain the responsive records from the Fire Department and provide access to Verry. The Council deferred analysis of whether the District's records custodian had willfully violated OPRA and whether Verry was a prevailing party entitled to attorney's fees

pending the custodian's compliance with the Council's interim order.

The District moved for reconsideration, contending the GRC misapplied the "creation test" established by the Supreme Court in Fair Share Hous. Ctr., Inc. v. N.J. State League of Municipalities, 207 N.J. 489 (2011), in determining that the Fire Department was a public agency under OPRA. The Fire Department filed an "amicus brief" with the GRC supporting the District's motion. The Department joined in the District's arguments and also contended that it, like many other volunteer fire companies, is both a fire company and a social organization. It noted its lack of paid staff, the burden of having to respond to records requests within the required timeframes and the possibility that subjecting it to OPRA might dissuade volunteers from becoming firefighters.

Although contending it was not a public agency required to allow access to its records under OPRA, the Fire Department argued that if the GRC disagreed, it should at least allow the Department to redact any information relating to the Department's social activities. The GRC denied the District's motion for reconsideration but granted it a stay to permit it to file a motion for leave to appeal to this court.

The District and the Fire Department, which we directed be joined as a party following oral argument, renew the arguments

4                                                          A-3635-14T2

they made to the GRC.[1]  Specifically, they contend the Fire Department is not a public agency under OPRA and that the GRC improperly applied the "creation" and "governmental function" tests of the League of Municipalities, supra, 207 N.J. at 507-08 and Sussex Commons Assocs., LLC v. Rutgers, 210 N.J. 531, 546-47 (2012).  They argue the GRC should have looked to its own agency precedent on volunteer fire companies where it deemed the Newfield Fire Company not a public agency under OPRA.  See Carrow v. Borough of Newfield, GRC Complaint No. 2012-111 (Feb. 26, 2013).[2]  We are not persuaded by those arguments.

Our review of administrative agency actions is limited.  In re Herrmann, 192 N.J. 19, 27 (2007).  We will not upset an agency's decision absent a clear showing it is arbitrary, capricious, or unreasonable, that it lacks substantial support in the record or it violates express or implied legislative policies.  Aqua Beach Condo. Ass'n v. Dep't of Comty. Affairs, 186 N.J. 5, 15-16 (2006).  Although our review of a purely legal issue is de novo, see Saccone v. Bd. of Trs. of the Police & Firemen's Ret. Sys., 219 N.J. 369, 380 (2014), we accord substantial deference to an agency's interpretation of a statute it is charged with administering.  See N.J. Soc'y for the

---

[1] The Department has not requested oral argument.

[2] http://www.state.nj.us/grc/decisions/pdf/2012-111.pdf.

Prevention of Cruelty to Animals v. N.J. Dep't of Agric., 196 N.J. 366, 385 (2008). Because the GRC is charged with administering OPRA, N.J.S.A. 47:1A-7b, its holdings regarding the scope of the statute are entitled to deference. McGee v. Twp. of E. Amwell, 416 N.J. Super. 602, 616 (App. Div. 2010).

There is no dispute that the Millstone Valley Fire Department began its existence in 1929 as a not-for-profit entity incorporated by a group of private citizens "to protect life and property from fire, by the usual means of fire companies." Accordingly, were one to look only to its creation, it would follow the Fire Department could not be considered an instrumentality or agency of the Fire District and thus not a public agency subject to OPRA. See League of Municipalities, supra, 207 N.J. at 504 (explaining the creation of the League of Municipalities by member municipalities pursuant to statutory authority made it a public agency under the creation test, consistent with the Court's holding in The Times of Trenton Publ'g Corp. v. Lafayette Yard Cmty. Dev. Corp., 183 N.J. 519, 535-36 (2005)).

But the determination of whether an entity is a public agency or instrumentality subject to OPRA requires a fact-sensitive inquiry that looks beyond mere form. Firemen's Ass'n, supra, 431 N.J. Super. at 288. The District and the Department do not dispute that the Fire Department performs a traditional

6                                                          A-3635-14T2

governmental function, firefighting, under the supervision and control of a public agency, the Fire District, through an allocation of significant tax revenues it receives for that purpose. The salient fact here is that since 1974, it has done so as a member company of the Franklin Fire District. In 1973, the Millstone Valley Fire Department applied to become part of the Franklin Fire District pursuant to N.J.S.A. 40A:14-70.1a. The District's board of fire commissioners granted the application, apparently on the basis of a Township Council resolution, and the Fire Department has been a member company of the District since 1974.

Accordingly, we reject the argument that their relationship is controlled entirely by contract, as was the relationship between the fire company and the Borough in Carrow.3 Viewing the Fire Department's "formation, structure, and function," we have no hesitation in agreeing with the GRC that the Fire Department, at least since 1974, has become an instrumentality of the

---

3 Carrow did not involve a fire district. Instead, the Borough of Newfield contracted directly with a volunteer fire company pursuant to N.J.S.A. 40A:14-68. See Newfield Fire Co. No. 1 v. Borough of Newfield, 439 N.J. Super. 202, 206-07 (App. Div. 2015) (involving the same parties); Carrow, supra, No. 2012-111 (slip op. at 10). Although decisions of the GRC are not binding on us, N.J.S.A. 47:1A-7e; O'Shea v. Twp. of West Milford, 410 N.J. Super. 371, 382 (App. Div. 2009), we agree with the Council that the different factual scenarios make Carrow inapposite here.

District and thus a public agency subject to OPRA.  See Firemen's Ass'n, supra, 431 N.J. Super. at 289-90.

Both the District and the Department argue that if the Fire Department is considered a public agency subject to OPRA, only those records which relate to the governmental function it performs on behalf of the District should be available under OPRA and only through the Fire District.  They contend that no public purpose is served by any broader release of the Fire Department's documents and that real public harm might result from imposing OPRA's burdens on all-volunteer fire companies.  Verry dismisses that argument by noting that there is no "burdensome exception" to complying with OPRA and no basis for any "carve-out" for the Department's documents.

We do not decide the issue.  We granted leave to review the GRC's interim order declaring the Fire Department an instrumentality of the District and thus a public agency subject to OPRA.  Although the GRC ordered the District to produce documents responsive to Verry's request, it did so "in the absence of any exemption applying to the responsive records."  Further, in the event the District could not comply because the Department refused to disclose the documents, the GRC allowed the Fire Department to come forward with "a lawful basis for not providing" the records.  Because these matters raise important issues that should be decided by the GRC in the first instance,

Paterson Redevelopment Agency v. Schulman, 78 N.J. 378, 386-87, cert. denied, 444 U.S. 900, 100 S. Ct. 210, 62 L. Ed. 2d 136 (1979), we decline to address them here.

We affirm the GRC's interim order finding that Millstone Valley Fire Department is an "instrumentality" of the Franklin Fire District and thus a "public agency" subject to OPRA and remand for further proceedings consistent with this opinion. We do not retain jurisdiction.

Affirmed and remanded.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3635-14T2